[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (DOCKET ENTRY #104)
The defendant, Ann Stern, filed a motion to strike (docket CT Page 9821 entry no. 104) the plaintiff's four count complaint which seeks to foreclose certain tax liens the plaintiff alleges were assigned to it by the City of Bridgeport. The basis of defendant's motion is the claim that the City of Bridgeport and the Tax Collector of the City of Bridgeport have not been joined as indispensable parties in the foreclosure action.
Stern argues that Chapters 204 and 205 of the Connecticut General Statutes confer the authority for the levy and collection of municipal taxes on the municipal tax collector, therefore, the tax collector and the City are indispensable parties. Stern contends that the plaintiff does not have the qualifications conferred by statute on the tax collector.
The plaintiff alleges in each count of its complaint that taxes were assessed on the property, the taxes were not paid, the City of Bridgeport filed tax liens, and then assigned those liens to the plaintiff. General Statutes § 12-195h provides in relevant part that "[a]ny municipality, by resolution of its legislative body . . . may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of this chapter. . . . The assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have if the lien had not been assigned with regard to precedence and priority of such lien, the accrual of interest and the fees and expenses of collection. The assignee shall have the same rights to enforce such liens as any private party holding a lien on real property."
Stern argues that this statute does not confer on the plaintiff the qualifications of the City of Bridgeport and its tax collector to levy and collect taxes, however, that argument is without merit. The plaintiff does not seek to wield the powers of the City or its tax collector, as the City and the tax collector have already reduced Stern's obligation to pay taxes to a tax lien. The assignment merely transfers the rights of the City in the lien to the plaintiff. As the City no longer has any rights in the tax liens assigned, the City and the tax collector are not indispensable parties. Accordingly, Stern's motion to strike is denied.
WEST, J. CT Page 9822